746 S.E.2d 346

**ADOPTIVE COUPLE, Appellants,**

**v.**

**BABY GIRL, a minor child under the age of fourteen years, Birth Father, and the Cherokee Nation, Respondents.**

Appellate Case No. 2011–205166.

Supreme Court of South Carolina.

July 24, 2013.

---

## ORDER

On July 22, 2013, Birth Father and the Cherokee Nation filed petitions for rehearing requesting that this Court reconsider its order dated July 17, 2013. Additionally, on July 22, 2013, Birth Father filed a petition for supersedeas, which the Cherokee Nation joins by way of return. All petitions are denied.[1]

---

1. It has come to our attention that on July 23, 2013, Birth Father filed a motion in the Charleston County Family Court requesting a de novo hearing. We reiterate that such a hearing is unavailable in light of this Court's order dated July 17, 2013.

We remain fully aware of the important and time-sensitive interests at stake. More to the point, we are cognizant that the paramount consideration is the best interest and welfare of Baby Girl. This matter was, without objection, placed in the jurisdiction of the South Carolina courts long ago. Jurisdiction remains in South Carolina, notwithstanding apparent actions filed in other jurisdictions following the decision of the United States Supreme Court (USSC). As determined by the USSC, the Indian Child Welfare Act (ICWA) has no application to Birth Father. Our original and erroneous decision was premised on the applicability of ICWA to the Birth Father. As a result, the Birth Father's rights, if any, are determined by the law of the state of South Carolina. While this Court was in error concerning the applicability of ICWA, we have consistently held that under state law, the Birth Father's parental rights (because of his irrefutable lack of support, interest and involvement in the life of Baby Girl) would be terminated.[2] Therefore, under state law, the Birth Father is precluded from challenging the adoption. Moreover, in light of the urgent need for this matter to be concluded, we determine, upon review of the record, that the adoption of Baby Girl by the Adoptive Couple is in the best interests of Baby Girl.

The Adoptive Couple has throughout this litigation confirmed their intent to rear Baby Girl in a manner that maintains a meaningful connectedness to her Native American heritage. Consistent with their commitment to serve Baby Girl's best interests, and in recognition that the return of Baby Girl to them must be accomplished with her best interest as the controlling consideration, the Adoptive Couple has commendably proposed a thoughtful transition plan. We leave it to the family court to determine whether to adopt the Adoptive Couple's proposed transition plan or another plan. Nevertheless, our order of July 17, 2013, stands.

We reiterate that, aside from the narrow issue of whether a transition plan is in Baby Girl's best interest, the orders of this Court following remand from the USSC leave nothing further to be decided by the family court. Accordingly, the

2. On this point, the respective majority and dissenting opinions from our original decision are in accord.

family court shall forthwith approve the adoption and award legal custody to the Adoptive Couple. The matter of transfer of physical custody shall be accomplished in accordance with Baby Girl's best interest, as determined by the family court.

It is our fervent hope that the parties will work together in good faith and place the best interest and welfare of Baby Girl above their own desires. This emotionally charged case was fully litigated in the South Carolina courts and the United States Supreme Court. This case has reached finality, in this unchallenged forum and jurisdiction. That finality should be honored.

/s/Jean H. Toal, C.J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
   FOR THE COURT

We would grant the petitions for rehearing, vacate the Court's earlier order, and remand this matter to the family court for further proceedings. Since the majority of the Court has decided to deny rehearing, we would grant the request for a stay.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.
   FOR THE COURT